| STATE OF MINNESOTA | DISTRICT COURT |
|---|---|
| COUNTY OF HENNEPIN | FOURTH JUDICIAL DISTRICT |

| | |
|---|---|
| Matthew Camp, | |
|         Plaintiff, | SUMMONS |
| vs. | Court File No: |
| City of Dayton; and Police Chief Paul Enga and Officer Brant Standridge, in their individual and official capacities, | Case Type: Other |
| | Judge: |
|         Defendants. | |

**THIS SUMMONS IS DIRECTED TO: City of Dayton; Police Chief Paul Enga; and Officer Brant Standridge**

**1. YOU ARE BEING SUED.** The Plaintiff has started a lawsuit against you. The Plaintiff's Complaint against you is attached to this summons. Do not throw these papers away. They are official papers that affect your rights. You must respond to this lawsuit even though it may not yet be filed with the Court and there may be no court file number on this summons.

**2. YOU MUST REPLY WITHIN 20 DAYS TO PROTECT YOUR RIGHTS.** You must give or mail to the person who signed this summons **a written response** called an Answer within 20 days of the date on which you received this Summons. You must send a copy of your Answer to the person who signed this summons located at:

    The Law Office of Zorislav R. Leyderman
    222 South 9th Street, Suite 1600
    Minneapolis, MN 55402

**3. YOU MUST RESPOND TO EACH CLAIM.** The Answer is your written response to the Plaintiffs' Complaint. In your Answer you must state whether you agree or disagree with each paragraph of the Complaint. If you believe the Plaintiffs should not be given everything asked for in the Complaint, you must say so in your Answer.

**4. YOU WILL LOSE YOUR CASE IF YOU DO NOT SEND A WRITTEN RESPONSE TO THE COMPLAINT TO THE PERSON WHO SIGNED THIS SUMMONS.** If you do not Answer within 20 days, you will lose this case. You will not get to tell your side of the story, and the Court may decide against you and award the Plaintiffs everything asked for in the complaint. If you do not want to contest the claims stated in the complaint, you do not need to

respond. A default judgment can then be entered against you for the relief requested in the complaint.

**5. LEGAL ASSISTANCE.** You may wish to get legal help from a lawyer. If you do not have a lawyer, the Court Administrator may have information about places where you can get legal assistance. **Even if you cannot get legal help, you must still provide a written Answer to protect your rights or you may lose the case.**

**6. ALTERNATIVE DISPUTE RESOLUTION.** The parties may agree to or be ordered to participate in an alternative dispute resolution process under Rule 114 of the Minnesota General Rules of Practice. You must still send your written response to the Complaint even if you expect to use alternative means of resolving this dispute.

THE LAW OFFICE OF ZORISLAV R. LEYDERMAN

Dated: July 1, 2019

By: s/ Zorislav R. Leyderman
ZORISLAV R. LEYDERMAN
Attorney License No. 0391286
Attorney for Plaintiff
The Law Office of Zorislav R. Leyderman
222 South 9th Street, Suite 1600
Minneapolis, MN 55402
Tel: (612) 876-6626
Email: zrl@ZRLlaw.com

| | |
|---|---|
| STATE OF MINNESOTA | DISTRICT COURT |
| COUNTY OF HENNEPIN | FOURTH JUDICIAL DISTRICT |

| | |
|---|---|
| Matthew Camp,<br><br>        Plaintiff,<br><br>vs.<br><br>City of Dayton; and Police Chief Paul Enga and Officer Brant Standridge, in their individual and official capacities,<br><br>        Defendants. | **COMPLAINT WITH JURY DEMAND**<br><br>Court File No:<br><br>Case Type: Other<br><br>Judge: |

## INTRODUCTION

1. This is an action for money damages brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth Amendment to the United States Constitution against the City of Dayton, Police Chief Paul Enga and Police Officer Brant Standridge, in their individual and official capacities.

2. It is alleged that the Defendants made an unreasonable seizure of Plaintiff's person, violating his rights under the Fourth Amendment to the United States Constitution.

## VENUE

3. Venue is proper in this Court pursuant to Minn. Stat. §§ 542.03 and 542.09, in that this cause of action arose in Hennepin County, Minnesota.

1

## PARTIES

4. Plaintiff Matthew Camp was at all material times a resident of the State of Minnesota, and of full age.

5. The City of Dayton, Minnesota, is a municipal corporation and the public employer of the Defendants Enga and Standridge. Defendant City of Dayton is sued directly and also on the theories of respondeat superior or vicarious liability and pursuant to Minn. Stat. § 466.02, for the actions of its officers and officials, including Defendants Enga and Standridge.

6. Defendants Chief Enga and Officer Standridge were at all times relevant to this complaint duly appointed and acting officers of the police department of the City of Dayton, acting under color of law, to wit, under color of the statutes, ordinances, regulations, policies, customs and usages of the State of Minnesota and/or the City of Dayton.

## FACTS

7. On the afternoon of August 30, 2017 at approximately 2:18 p.m., Mr. Camp was at home when Dayton Police Chief Enga and Officer Standridge knocked on his door to investigate a fight between Mr. Camp's son, Austin Brand Camp, and another child at the playground.

8. When Defendants Enga and Standridge arrived, they began speaking with one of Mr. Camp's minor children and Mr. Camp stopped the conversation. Mr. Camp spoke with Defendants Enga and Standridge and ended the conversation to walk back into his house and call the police. Defendants Chief Enga and Officer Standridge then entered the residence without consent, grabbed Mr. Camp, threw him on the ground, and tased him. Mr. Camp suffered severe and excruciating pain as a result of the Taser shock. Mr. Camp had not committed any

2

crimes and was not acting aggressively towards the officers or anyone else when Defendants Enga and Standridge entered his residence and made physical contact.

9. Defendants then handcuffed Mr. Camp, placed him in the back of the squad, and talked to him. Defendants told Mr. Camp he was going to be charged with obstruction of legal process. After talking to Mr. Camp, Defendants told Mr. Camp he was going to be given a citation for obstruction of legal process, but decided not to give him a citation.

10. As a result of the Defendants' actions, Mr. Camp endured severe physical pain, suffering, and discomfort both during and after the arrest, as well as physical injuries that resulted from the unnecessary and excessive use of force.

11. As a result of the Defendants' actions, Mr. Camp suffered emotional distress, shame, humiliation, and embarrassment.

12. As a result of the Defendants' actions, Mr. Camp was falsely arrested and suffered loss of liberty.

## CLAIMS FOR RELIEF

### COUNT 1: 42 U.S.C. § 1983 – FOURTH AMENDMENT UNREASONABLE SEIZURE AND EXCESSIVE FORCE AGAINST CHIEF ENGA AND OFFICER STANDRIDGE

13. Paragraphs 1 through 12 are incorporated herein by reference as though fully set forth.

14. Based on the above factual allegations, Defendants, through their actions, acting under the color of state law, violated Plaintiff's constitutional right to remain free from unreasonable seizures and use of excessive force under the Fourth Amendment to the United States Constitution when they threw him to the floor, twisted his arms, and tased and handcuffed him, all without justification and while using excessive and unnecessary force.

15. As a result of these constitutional violations, Plaintiff suffered damages as aforesaid.

3

### COUNT 2: 42 U.S.C. § 1983 – FOURTH AMENDMENT UNREASONABLE SEIZURE AND FALSE ARREST AGAINST CHIEF ENGA AND OFFICER STANDRIDGE

16. Paragraphs 1 through 12 are incorporated herein by reference as though fully set forth.

17. Based on the above factual allegations, Defendants, through their actions, acting under the color of state law, violated Plaintiff's constitutional right to remain free from unreasonable seizures under the Fourth Amendment to the United States Constitution when the Defendants detained/arrested Plaintiff without reasonable suspicion/probable cause to believe that Plaintiff had committed a crime.

18. As a result of these constitutional violations, Plaintiff suffered damages as aforesaid.

### COUNT 3: 42 U.S.C. § 1983 – FOURTH AMENDMENT UNLAWFUL ENTRY INTO THE RESIDENCE WITHOUT CONSENT AND WITHOUT WARRANT AGAINST CHIEF ENGA AND OFFICER STANDRIDGE

19. Paragraphs 1 through 12 are incorporated herein by reference as though fully set forth.

20. Based on the above factual allegations, Defendants Chief Enga and Officer Standridge entered Plaintiff's house without a warrant and without consent. Entrance into the Plaintiff's house was committed absent hot pursuit and absent exigent circumstances, thereby violating the Fourth Amendment.

21. As a result of these constitutional violations, Plaintiff suffered damages as aforesaid.

### COUNT 4: 42 U.S.C. § 1983 – UNREASONABLE SEIZURE, EXCESSIVE FORCE, AND UNLAWFUL ENTRY AGAINST THE CITY OF DAYTON AND CHIEF ENGA IN HIS OFFICIAL CAPACITY

22. Paragraphs 1 through 12 are incorporated herein by reference as though fully set forth.

23. Prior to August of 2017, Defendant City of Dayton developed and maintained policies and/or customs exhibiting deliberate indifference towards the constitutional rights of persons in the City of Dayton or in the custody of the City of Dayton, which caused the violations of Plaintiffs' constitutional rights.

4

24. It was the policy and/or custom of Defendant City of Dayton to inadequately supervise and train its employees, including the Defendant Chief and Officer, thereby failing to adequately prevent and discourage further constitutional violations on the part of its employees.

25. Prior to August of 2017, City of Dayton and Chief Enga, acting with deliberate indifference towards constitutional rights of citizens, failed to properly train their employees on Fourth Amendment constitutional rights and protections, including citizens' right to remain free from excessive force, the citizens' right to terminate a police encounter when no reasonable suspicion or probable cause supports a seizure, and constitutional limitations prohibiting nonconsensual and warrantless entry into private residences by the police.

26. As a result of these policies and/or customs and lack of training, employees of the City of Dayton, including the Defendant Chief and Officer, believed that their actions would not be properly monitored by supervisory employees and that misconduct would not be investigated or sanctioned, but would be tolerated.

27. These policies and/or customs and lack of training were the cause of the violations of Plaintiffs' constitutional rights alleged herein.

## RELIEF REQUESTED

**WHEREFORE, Plaintiff requests that this Court grant the following relief:**

a. Issue an order granting Plaintiff judgment against Defendants, finding that the Defendants violated Plaintiff's constitutional rights under the Fourth Amendment to the United States Constitution and that Defendants are liable to Plaintiff for all damages resulting from these violations;

b. Award of compensatory damages to Plaintiff against all Defendants, jointly and severally;

c. Notwithstanding any state law to the contrary, award of punitive damages to Plaintiff against all Defendants, jointly and severally, pursuant to federal law and *Smith v. Wade*, 461 U.S. 30 (1983);

d. Award of reasonable attorney's fees and costs to Plaintiff pursuant to 42 U.S.C. § 1988;

e. Award of such other and further relief as this Court may deem appropriate.

### THE PLAINTIFF HEREBY DEMANDS A JURY TRIAL.

THE LAW OFFICE OF ZORISLAV R. LEYDERMAN

Dated: July 1, 2019

By: s/ Zorislav R. Leyderman
ZORISLAV R. LEYDERMAN
Attorney License No. 0391286
Attorney for Plaintiff
The Law Office of Zorislav R. Leyderman
222 South 9th Street, Suite 1600
Minneapolis, MN 55402
Tel: (612) 876-6626
Email: zrl@ZRLlaw.com

### ACKNOWLEDGMENT

The undersigned hereby acknowledges that sanctions may be awarded pursuant to Minn. Stat. § 549.211, to the party against whom all allegations in this pleading are asserted.

Dated: July 1, 2019

By: s/ Zorislav R. Leyderman
ZORISLAV R. LEYDERMAN